[Cite as *T.M. v. W.B.*, 2017-Ohio-8622.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

T.M.

      Appellant

      v.

W.B.

      Appellee

C.A. No.     16CA011025


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    11DU074617

DECISION AND JOURNAL ENTRY

Dated: November 20, 2017

---

HENSAL, Presiding Judge.

{¶1}  T.M. appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division.  We reverse and remand.

I.

{¶2}  T.M. ("Mother") and W.B. ("Father") divorced in 2013.  Mother and Father have two biological children, both of whom are minors.  The divorce decree included a shared parenting plan, which designated both parties as residential parents and legal custodians, but designated Father as the residential parent for school purposes.  The shared parenting plan indicated that Mother would have possession of the children on alternating weekends, and every Wednesday after school until the following morning.  During the summers, the children were to alternate between Mother and Father's houses on a weekly basis.

{¶3}  Although this case has a lengthy post-decree procedural history, this Court will limit its recitation of the facts to the motion practice and hearing that precipitated this appeal.

Relevantly, Mother filed a motion to modify the shared parenting plan. The trial court considered that motion, among others, during hearings that occurred between July 2015 and April 2016. The parties reached an in-court agreement relative to certain issues in April 2016. The parties, however, did not reach an agreement with respect to a school year possession schedule for their children. Instead, they agreed that they would defer to the trial court, and would accept the schedule it set forth.

{¶4} Subsequent to the in-court agreement, Father filed a summary of the agreement and Mother moved the trial court to adopt the in-court agreement. Thereafter, Father sent a proposed judgment entry to the trial court, the guardian ad litem, and Mother's counsel. He then sent them an amended proposed judgment entry. The trial court adopted the amended proposed judgment entry in full. Mother moved for relief from the trial court's judgment, and – with that motion still pending – filed a notice of appeal with this Court. Mother's merit brief raises two assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ADOPTING A PROPOSED JUDGMENT ENTRY WHICH DOES NOT ACCURATELY REFLECT THE TERMS OF THE PARTIES' APRIL 1, 2016 IN-COURT AGREEMENT.

{¶5} In her first assignment of error, Mother argues that the trial court abused its discretion by adopting the proposed judgment entry because it did not accurately reflect the parties' in-court agreement. Mother argues that the judgment entry conflicts with the in-court agreement as it relates to a number of issues, including which parent is the residential and custodial parent, Father's relocation, the summer possession schedule, and the school year possession schedule.

{¶6} Regarding Father's relocation, Mother asserts that the in-court agreement reflects that Father was permitted to relocate once within the Elyria or Midview school districts without prior approval from the court. Subsequent relocations, however, would require the court's approval. Mother argues that, contrary to the in-court agreement, the judgment entry authorizes Father to move anywhere within Lorain County.

{¶7} This Court's review of the transcript indicates that the parties agreed that Father could relocate within either the Elyria or Midview school districts. Indeed, Father testified that he was "solely looking at * * * Midview or Elyria school districts," and the trial court later confirmed that Father "may move someplace * * * either in Elyria or Midview school district[.]" The trial court further indicated that Father could relocate once without seeking the court's permission, but that subsequent relocations would require the court's approval. Thus, because the judgment entry authorizes Father to relocate anywhere within Lorain County, it conflicts with the parties' in-court agreement on this issue.[1]

{¶8} Regarding the summer possession schedule, Mother argues that the trial court amended the schedule despite the parties' in-court agreement that it would remain the same. At the hearing, the trial court specifically stated that "the summer schedule is going to * * * remain the same[,]" and the parties confirmed that the schedule had been working for them. Notwithstanding, the trial court's judgment entry modifies the summer possession schedule. The judgment entry, therefore, conflicts with the parties' in-court agreement on this issue.

---

[1] We note that the trial court's judgment entry also conflicts with its prior order – which the trial court issued after the hearing but prior to the disputed judgment entry – authorizing Father to relocate within the Midview or Elyria school districts.

{¶9} Thus, having reviewed the record, it is clear that the trial court's judgment entry conflicts with the parties' in-court agreement on certain issues. To the extent that Father argues that the trial court had the authority to modify the shared parenting plan, his argument is misplaced under these facts. At the hearing, the trial court made clear that the only issue left for it decide was the school year possession schedule, and that its judgment entry would otherwise reflect the parties' in-court agreement. The trial court's subsequent judgment entry stated that the court accepted the agreement, yet modified some of the agreed-upon terms. As a result, we hold that the trial court erred by adopting the proposed judgment entry, which did not accurately reflect the parties' in-court agreement. Mother's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN RUBBER STAMPING THE PROPOSED JUDGMENT ENTRY SUBMITTED BY COUNSEL FOR [FATHER] WITHOUT INSTRUCTION BY THE TRIAL COURT.

{¶10} In her second assignment of error, Mother argues that the trial court erred by "rubber stamping" Father's proposed judgment entry, which was submitted without the trial court's instruction to do so. In light of our disposition of the preceding assignment of error, we decline to address the merits of Mother's second assignment of error on the basis that it is moot. App.R. 12(A)(1)(c). Mother's second assignment of error is overruled.

III.

{¶11} Mother's first assignment of error is sustained. Mother's second assignment of error is overruled on the basis that it is moot. The Judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JOSEPH G. STAFFORD and NICOLE A. CRUZ, Attorneys at Law, for Appellant.

BRENT L. ENGLISH, Attorney at Law, for Appellee.